## 2017 OK 86

**STATE of Oklahoma EX REL. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Robert Samuel KERR, IV Respondent.**

### Case Number: SCBD-6566

Supreme Court of Oklahoma.

Decided: 11/06/2017

¶ 0 **ORDER APPROVING RESIGNATION PENDING DISCIPLINARY PROCEEDINGS**

¶ 1 Complainant, Oklahoma Bar Association (Bar Association), has applied pursuant to Rule 8.2 of the Rules Governing Disciplinary Proceedings (5 O.S.2011 Ch. 1, App. 1-A) for an order approving the resignation of the respondent, Robert Samuel Kerr, IV, pending disciplinary proceedings. The Bar's application and the respondent's affidavit of resignation reveal the following.

¶ 2 On October 13, 2017, the respondent filed with this Court his affidavit of resignation from membership in the Bar Association pending disciplinary proceedings. The affidavit was executed October 12, 2017.

¶ 3 The respondent's affidavit of resignation reflects that: (a) it was freely and voluntarily rendered; (b) he was not subject to coercion or duress; and (c) he was fully aware of the consequences of submitting the resignation.

¶ 4 The affidavit of resignation states respondent's awareness of a grievance received by the Bar Association concerning his conduct and alleging he conspired with others to commit the offense of wire fraud in violation of Title 18, United States Code, Section 1343; and that he conspired to retain lease bonuses paid by SandRidge Energy, Inc., on oil and gas leases with bad title, rather than returning the lease bonuses to SandRidge Energy, Inc.

¶ 5 The resignation states the respondent is aware the allegations against him, if proven, would constitute violations of Rules 8.4 (b) & 8.4 (c) of the Oklahoma Rules of Professional Conduct, 5 O.S.2011, Ch.1, App. 3-A, and Rule 1.3 of the Rules Governing Disciplinary Proceedings, 5 O.S.2011, Ch. 1, App. 1-A, and his oath as an attorney.

¶ 6 The respondent states he is aware the burden of proof regarding the allegations against him rests upon the Oklahoma Bar Association, and he waives any and all rights to contest the allegations.

¶ 7 The respondent states his awareness of the requirements of Rule 9.1, of the Rules Governing Disciplinary Proceedings, and he states he shall comply with that Rule within twenty (20) days following the date of his resignation.

¶ 8 We note the resignation was executed by respondent, submitted to the Bar Association, and then filed in this Court on the following day, October 13, 2017. *See State ex rel. Oklahoma Bar Ass'n v. Demopolos*, 2015 OK 50, ¶ 36 & n. 56, 352 P.3d 1210, 1221 (a proper resignation may be made effective on the date of submission to the Court); *State ex rel. Oklahoma Bar Ass'n v. Bourland*, 2001 OK 12, ¶¶ 14-17, 19 P.3d 289, 291-292 (a proper resignation may be made effective on the date filed with the Court when the lawyer's conduct has treated the resignation as effective upon that date).

¶ 9 The respondent states his awareness of Rule 8.2, Rules Governing Disciplinary Proceedings, and that approval or disapproval of his resignation is within the discretion of the Supreme Court.

¶ 10 The respondent states he is aware he may make no application for reinstatement prior to the expiration of five years from the effective date of the order approving his resignation, and that reinstatement requires

compliance with Rule 11 of the Rules Governing Disciplinary Proceedings. *See* 5 O.S. 2011 Ch. 1, App. 1-A, Rule 8.2, Rules Governing Disciplinary Proceedings; *State ex rel. Oklahoma Bar Association v. Bourland,* 2001 OK 12, 19 P.3d 289; *In re Reinstatement of Hird,* 2001 OK 28, 21 P.3d 1043.

¶ 11 The respondent states he is aware the Client's Security Fund may receive claims from his former clients, and he shall pay to the Oklahoma Bar Association, prior to reinstatement, those funds, including principal and interest, expended by the Client's Security Fund for claims against him. *See* 5 O.S. 2011 Ch. 1, App. 1-A, Rule 11.1(b), Rules Governing Disciplinary Proceedings; *State ex rel. Oklahoma Bar Association v. Heinen,* 2003 OK 36, ¶ 9, 84 P.3d 708, 709.

¶ 12 The respondent states he surrendered his Oklahoma Bar Association membership card to the Office of the General Counsel.

¶ 13 The respondent acknowledges he must cooperate with the Office of the General Counsel by providing current contact information and identifying active cases wherein client documents and files should be returned to the client or forwarded to new counsel, and cases where fees or refunds are owed by respondent.

¶ 14 The application for approval of respondent's resignation filed by the Bar Association states no costs were incurred in the investigation of respondent.

¶ 15 The official roster name and address of the respondent is Robert Samuel Kerr, IV, O.B.A. No. 21253, 2700 N. W. 26th Street, Oklahoma City, OK 73107.

¶ 16 IT IS THEREFORE ORDERED that the application by the Bar Association for an order approving Robert Samuel Kerr, IV's resignation be approved, and the resignation is deemed effective on the date it was filed in this Court, October 13, 2017.

¶ 17 IT IS FURTHER ORDERED that respondent's name be stricken from the Roll of Attorneys and that he make no application for reinstatement to membership in the Oklahoma Bar Association prior to five years from the effective date of his resignation.

¶.18 IT IS FURTHER ORDERED that costs are not awarded due to the express statement by the Oklahoma Bar Association that no costs were incurred.

¶ 19 IT IS FURTHER ORDERED that if any funds of the Client's Security Fund of the Oklahoma Bar Association are expended on behalf of respondent, he must show the amount paid and that the same has been repaid, with interest, to the Oklahoma Bar Association to reimburse such Fund prior to reinstatement.

¶ 20 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 6th DAY OF NOVEMBER, 2017.

ALL JUSTICES CONCUR.